UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | Bankruptcy Case |
| ) | No. 07-60265-fra7 |
| ROBERT O'SHEA, ) | |
| ) | |
| Debtor. ) | |
| ) | Adversary Proceeding |
| SHERRILL FORD-TORRES, ) | No. 07-6084-fra |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| ROBERT O'SHEA, ) | |
| ) | MEMORANDUM OPINION |
| Defendant. ) | |

I. INTRODUCTION

This matter came on for trial on July 14, 2010. Plaintiff was present, and represented by Scott Howell, her attorney. Defendant was present, proceeding *pro se*.[1] After careful consideration of the evidence

---

[1] At the opening of the trial, Defendant asked that the matter be postponed, claiming that he had insufficient notice of the trial date. He further alleged that, had he been given sufficient notice, he would have produced two witnesses. It was pointed out to the Defendant that he was present at a pre-trial hearing by telephone on February 10, at which time the July 14 trial date was announced. See Document No. 29.
(continued...)

Page 1 - MEMORANDUM OPINION

and testimony of the parties, the Court concludes that some of the Plaintiff's claims, as described herein, must be excepted from discharge in the Defendant's Chapter 7 bankruptcy proceeding.

## II. PROCEDURAL BACKGROUND

The events complained of (and described below) occurred between mid-August of 2003 and late April 2004. On February 13, 2006, Plaintiff filed a complaint in the Circuit Court for Marion County against Defendant and several others, alleging, among other things, wrongful discharge, intentional infliction of emotional distress, intentional injury of an employee, and battery. The case was removed to the District Court on June 26, 2006, and continues as an active case under the District Court's Case No. 06-CV-00914. There has been no trial on the merits of Plaintiff's claims in the District Court.[2]

Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 7, 2007. This adversary proceeding was commenced by Plaintiff's complaint, filed on May 21, 2007. The complaint filed in this proceeding seeks to determine the dischargeability of claims against the Defendant. Jurisdiction over those claims and the determination of Defendant's liability continues to rest with the District Court.

// // //

---

[1](...continued)
Defendant failed to appear at a duly noticed final pre-trial conference on June 17, 2010. The motion to continue was denied.

[2] Plaintiff's second amended complaint filed in the District Court on May 24, 2007, was submitted as Exhibit 1.

Page 2 - MEMORANDUM OPINION

III. FACTS

At all material times, the Defendant was the president of Cascade Valley Telecom, and the principal supervisor of its employees. Plaintiff was employed by Cascade Valley Telecom in August of 2003, and was discharged in April of 2004. Cascade Valley Telecom operated on contract with Jadent, Inc., an Oregon corporation of which the Defendant's brother, Tom O'Shea, is a principal owner and employee. Plaintiff testified that, during the course of her employment, there were several events or series of events which give rise to claims against Defendant which should not be discharged in the Defendant's bankruptcy.

1. **Backslapping**

On two occasions Defendant approached Plaintiff from behind, put a hand on her shoulder and clapped her with an open hand on the back, calling out, "How's it going?" or words to that effect. The force of the backslap was sufficient to cause Plaintiff to experience muscle strain, headaches, and residual pain for several days.

2. **Parking Lot Collison**

When Plaintiff emerged between parked cars in the company's parking lot, the Defendant, in his car, allegedly swerved toward the Plaintiff forcing her to fend the car off by putting out both hands, which struck the passenger side window of the Plaintiff's car. The impact was sufficient to leave bruises on Plaintiff's hands, and cause joint pain which persists to this day.

3. **Oppressive Sexual Banter**

On the first week on the job, Defendant approached Plaintiff with a riddle: "Tell me a number associated with sex." This was the first of a

Page 3 - MEMORANDUM OPINION

series of sexual and personal innuendo such as:
- Frequent remarks about female employees' physical characteristics;
- Frequent remarks that he liked big breasts;
- Frequent remarks that if a female employee was well-dressed, that she was "all dressed up to get lucky later on";
- Absences of female employees were attributed to sexual activity the night before;
- On occasions when employees sought cash advances on their salaries, Defendant would either throw the cash on the floor requiring the employee to stoop down to pick it up, or place the cash in the zipper of his pants inviting the employee to retrieve it.
- Defendant announced to Plaintiff that he did not like "fat girls" because they did not make good lovers.

Plaintiff objected to this behavior, and was told "don't say another word or you'll be fired." Plaintiff credibly testified that she did nothing to encourage or initiate such banter, and that the constant exposure to it has given rise to depression and anxiety attacks.

### 4. **Plaintiff's Termination**

In what he attributes to poor banking practices, Defendant's company frequently failed to make payroll on time, and was delinquent in its duties to employees respecting withholding taxes and other payroll deductions. Finally fed up, the employees voted to go on an *impromptu* strike. At the same time, Plaintiff and one other employee complained to Mr. Tom O'Shea, the Defendant's brother. He gave Plaintiff some assurance that he would act on these problems.

// // //

Page 4 - MEMORANDUM OPINION

After the one-day strike, all the employees except Plaintiff and one other returned to work. Defendant, using profanity which need not be repeated here, announced that whoever had complained to his brother would be fired. Plaintiff and the other colleague who had not returned to work were immediately discharged.

IV. DISCUSSION

The Bankruptcy Code, at § 523(a)(6), excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Claims excepted from discharge under this provision arise out of "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). The willfulness and maliciousness elements must be separately analyzed. In re Jercich, 238 F.2d 1202 (9th Cir. 2001). The willfulness element requires that the debtor had either a subjective intent to inflict the injury complained of, or a belief that the injury was substantially certain to occur. See In re Su, 290 F.3d 1140 (9th Cir. 2002). The element of malice requires a showing that the debtor performed a wrongful act, that he did so intentionally, that the wrongful act necessarily caused injury, and that the action was without just cause or excuse. Jercich at 1209.

In discharge cases, the burden is on the plaintiff to show, by a preponderance of the evidence, that the statutory requirements for exception to discharge have been met. Grogan v. Garner, 498 U.S. 279 (1991).

The bankruptcy court must determine in the context of this proceeding whether the evidence presented at trial meets the legal

Page 5 - MEMORANDUM OPINION

standards under Code § 523(a)(6) to except a resulting state-law claim based on that evidence from discharge:

1. **Backslapping**

Under Oregon law the essential element of a battery is a non-consensual touching of one person by another. See Stone v. Finnerty, 182 Or.App. 452, 50 P.3d 1179 (2002). The conduct which brings about the harm must be an act of volition on the actor's part, with the intent to bring about a harmful or offensive contact. It is not necessary that the contact do actual physical harm – only that the contact is offensive or insulting. Bakker v. Baza'r, Inc., 275 Or. 245, 249, 551 P.2d 1269 (1976). The evidence here demonstrates that Defendant struck Plaintiff with sufficient force to cause pain and lingering aftereffects. The uninvited application of force to this extent is tortious under Oregon law, and constitutes a willful and malicious injury under Code § 523(a)(6).

2. **Parking Lot Collision**

Plaintiff testified that Defendant swerved his car towards her as she emerged between two other cars. However, she did not make impact with the front of the car, but rather the side. Defendant denies any intention to injure or harass the Plaintiff. The circumstances are sufficiently murky that the Court cannot find that Plaintiff has sustained her burden of proof with respect to this incident. It follows that any claim based on this incident is discharged.

3. **Oppressive Sexual Banter**

Plaintiff's detailed description of Defendant's boorish and sexually oriented behavior was met only by a vague general denial at trial.

Page 6 - MEMORANDUM OPINION

Defendant's behavior is a form of employment discrimination, see ORS 659A.006 et seq., and, given the circumstances of this case, constitutes an intentional infliction of emotional distress. It is clear that the Defendant's behavior was both willful and malicious: the remarks, crude behavior regarding cash advances, and other actions described to the Court were deliberate, and clearly intended to dominate and distress the victims of the acts, including the Plaintiff. The actions were malicious, being wrongful and intentional, done without just cause, and necessarily injured the Plaintiff. Claims arising out of the Defendant's workplace conduct are excepted from discharge.

4. **Wrongful Termination**

Plaintiff was discharged because she reported the Defendant's misconduct to the Defendant's brother, apparently because brother Tom O'Shea's corporation was the source of Cascade Valley Telecom's revenues. Termination of employment in retaliation for efforts to complain of violations of state or federal law by an employee violates Oregon law. ORS 659A.199. To the extent the Defendant's actions come within the ambit of ORS 659A.199 or constitute a common law claim under non-bankruptcy law, the resulting claim will be excepted from discharge. The Debtor's conduct constitutes a willful and malicious injury to Plaintiff's employment interest.

V. CONCLUSION

As noted, it is the role of the District Court to liquidate Plaintiff's claims against Defendant. Claims based on the backslapping, maintenance of a hostile work environment, and wrongful termination of employment are excepted from discharge to the extent of any damages

Page 7 - MEMORANDUM OPINION

awarded by the District Court.  Any and all remaining claims by Plaintiff against Defendant are discharged.  Plaintiff is, accordingly, enjoined from pursuing these claims in any further proceeding.  11 U.S.C. § 524.  Counsel for Plaintiff should submit a form of judgment consistent with this Memorandum Opinion.

                    FRANK R. ALLEY, III
                    Bankruptcy Judge